# SUPREME COURT OF APPEALS

**WILLIAM A. DAVIS,**
**Claimant Below, Petitioner**

**FILED**

October 3, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs.)    No. 12-1414  (BOR Appeal No. 2047244)
                              (Claim No. 2009049701)

**TYREE FUNERAL HOME, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William A. Davis, by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Tyree Funeral Home, Inc., by Marion E. Ray, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 31, 2012, in which the Board affirmed a May 11, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 21, 2011, decision denying Mr. Davis's application for reopening his claim. It also vacated the claims administrator's April 12, 2011, decision and determined it was issued in error. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Davis worked as a mortician for Tyree Funeral Home, Inc. He injured his low back on June 7, 2008, while lifting a body to move it. The claim was held compensable for lumbosacral sprain. Christopher K. Kim, M.D., found that Mr. Davis suffered a progression or aggravation of his compensable injury. Prasadarao B. Mukkamala, M.D., opined that Mr. Davis did not suffer a progression or aggravation of his compensable injury and that his current symptoms were related to degenerative changes. On February 21, 2011, the claims administrator denied Mr. Davis's application for reopening his claim.

The Office of Judges affirmed the claims administrator's decision dated February 21, 2011, and held that Mr. Davis has not suffered a progression or aggravation of his compensable

injury. The Office of Judges vacated the claims administrator's decision dated April 12, 2011.[1] The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Davis disagrees and asserts that Dr. Kim was actively treating him and found that he suffered a progression or aggravation of his June 7, 2008, occupational injury and that he was temporary and totally disabled due to back pain attributable to his compensable injury. Mr. Davis further asserts that Dr. Kim, who examined him on many occasions, is in a better position to make this determination than Dr. Mukkamala, who only reviewed the records. Tyree Funeral Home, Inc., maintains that Mr. Davis has failed to demonstrate that his compensable condition has progressed or been aggravated and that the medical evidence indicates that Mr. Davis's natural degenerative non-compensable conditions are the cause of the pain. Tyree Funeral Home, Inc., further maintains that the Office of Judges' Order is supported by Dr. Mukkamala's independent medical evaluation.

The Office of Judges concluded that Mr. Davis had not suffered an aggravation or progression of his compensable injury. The Office of Judges found that the only evidence of record that directly addresses whether Mr. Davis's condition is due to his work-related injury is the claim reopening application dated January 18, 2011, completed by Dr. Kim and Dr. Mukkamala's report dated December 27, 2011. The Office of Judges relied on Dr. Mukkamala's independent medical evaluation.

However, this Court finds the report of Dr. Kim to be persuasive in establishing a prima facie cause for reopening the claim for temporary total disability benefits. Dr. Kim saw Mr. Davis on several occasions for his back pain. Dr. Kim concluded that Mr. Davis had suffered an aggravation or progression to his occupational injury. He further concluded that Mr. Davis was unable to return to his regular job duties or to light duty and would not benefit from rehabilitation services. Therefore, this Court finds the Board of Review erred in not reopening this claim on a temporary total disability benefits basis.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded to the claims administrator with instructions to reopen the claim on a temporary and total disability benefits basis.

Reversed and Remanded.

**ISSUED:   October 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[1] The Office of Judges vacated the claims administrator's April 12, 2011, decision because it found the decision predated the May 25, 2011, claim reopening application.

**DISSENTING:**
Justice Brent D. Benjamin